USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 2 5 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Aaron Flores,

          Plaintiff,

–v–

Negril Village, Inc., *et al.*,

          Defendant.

15-cv-2658 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On April 6, 2015, Aaron Flores filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.* Flores claimed that his employer, a Caribbean restaurant, failed to pay legally required overtime and spread-of-hours wages; improperly paid employees on a salaried instead of hourly basis; and failed to give employees required statements and notifications.

    On September 4, 2015, Flores filed a motion to conditionally certify the suit as a collective action under 29 U.S.C. § 216(b). Dkt. No. 13. On October 22, 2015, just prior to Defendants' deadline to respond to the motion for conditional certification, the parties notified the Court that they had reached a settlement. Dkt. No. 22. The parties submitted the settlement for the Court's review on November 9, 2015, along with Plaintiff's memorandum of law setting forth his views on why the settlement is fair. Dkt. No. 24.

    On December 11, 2015, the Court declined to approve the settlement. Dkt. No. 25. In its order, the Court stated that the settlement was broadly fair and reasonable, but could not be approved until four conditions were met: (1) the parties submitted the complete underlying data used to calculate the settlement amounts for the Court's review; (2) the parties either narrowed

the settlement's non-disparagement and confidentiality clauses, removed them entirely, or submitted briefing to justify them; (3) the parties narrowed the release from liability; and (4) the parties provided adequate support for the requested attorneys' fees.

On December 31, 2015, the parties submitted revised settlement documentation. Dkt. No. 26. The revised submission lays out the hours worked and wages owed used to calculate the settlement amounts. *Id.* Ex. C. The revised submission also includes amendments to the settlement agreement that purport to limit the scope of the release to wage and hour claims, limit the confidentiality provision to the terms and conditions of the settlement, and remove the non-disparagement clause entirely. The Court finds that these revised sections of the proposed settlement are fair and reasonable. However, although the amendments to the proposed settlement delete the free-standing non-disparagement clause at Section 9 of the proposed settlement, similar language remains in Section 4. Similarly, although the release from liability provision in Section 2 is now narrowly tailored, an extremely broad covenant not to sue provision remains at Section 7. As before, the Court cannot approve a proposed settlement containing these clauses. However, if the language in these clauses is removed, the Court will approve the settlement as fair and reasonable.

Turning to the question of attorneys' fees, the parties request the Court's approval to allocate $12,500 of the $30,000 settlement fund to Plaintiff's counsel, representing $12,000 in fees and $500 in costs. Plaintiff's counsel is entitled to reasonable attorneys' fees and costs for its role in successfully bringing this FLSA action to settlement. 29 U.S.C. § 216(b); *see Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). A court determining the portion of a FLSA settlement reasonably allocated to attorneys' fees may use either a "lodestar" method or a "percentage of the fund." *Thornhill v. CVS Pharmacy, Inc.*, No. 13 CIV. 5507, 2014 WL 1100135, at *2 & n.1 (S.D.N.Y. Mar. 20, 2014). Regardless of which method is selected, however, the Court should be guided by the following factors in determining a reasonable fee: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and

(6) public policy considerations." *Id.* (citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). These are commonly called the *Goldberger* factors.

The Court has considered the *Goldberger* factors, and has determined that the requested attorneys' fee amount in this case is too high. The requested sum is 40% of the total recovery. Courts in this Circuit rarely approve FLSA fee awards representing more than one third of the total settlement amount, and regularly reduce awards exceeding that threshold to one third or lower of the total recovery. *Lopez v. Poko-St. Ann L.P.*, No. 15-CV-4980 (BCM), 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016) (collecting cases). And this holds true even in cases with comparable or lower total settlement amounts to the one at issue here. *See, e.g., Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (reducing $12,916.95 fee award because it represented 37% of the total settlement).

The fact that Plaintiff's counsel's claimed lodestar amount, $13,545, would represent an even higher percentage of the settlement is "insufficient to justify either the application of the [lodestar] method or the award of a higher fee." *Guzman v. Joesons Auto Parts*, No. CV 11-4543 ETB, 2013 WL 2898154, at *5 (E.D.N.Y. June 13, 2013) (citing cases). This is particularly so here, because the rates at which Plaintiff's counsel C.K. Lee seeks to bill for his firm are "higher than the norm in this district," and have previously been reduced by several courts in this district. *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 27–29 (S.D.N.Y. 2015) (reducing rates for Mr. Lee and his firm, and collecting cases doing the same).

Furthermore, this case is a run-of-the-mill wage and hour action involving a single Plaintiff. Although Plaintiff's counsel filed a motion for conditional certification, the case settled before Defendants responded; some discovery appears to have taken place, but there has been no other motion practice. The parties do not suggest, and the Court does not believe, that this litigation entailed exceptionally complex or novel issues of fact, law, or case management. This case does not present "unusual circumstances" that would justify departing from the consensus in this district that fees higher than one third of the total settlement amount in a FLSA

case are unreasonable. *See Run Guo Zhang*, 2015 WL 5122530, at *4. Accordingly, the Court concludes that a 40% fee is excessive, and that a reasonable fee would be one third of the total settlement amount.

The Court will also award Plaintiff's counsel reasonable costs of $400, the amount accounted for in the billing records submitted to the Court.

As discussed above, the Court cannot approve the settlement until the overbroad covenant not to sue and non-disparagement provisions are removed. The parties are hereby ORDERED to meet and confer about the settlement, and to file a revised settlement proposal or a joint letter updating the Court on the status of settlement negotiations no later than May 10, 2016. In any revised settlement proposal, no more than one third of the settlement shall be allocated to attorneys' fees, and the balance (minus costs) shall go to Plaintiff.

SO ORDERED.

Dated: April 25, 2016
New York, New York

ALISON J. NATHAN
United States District Judge